BUTLER COUNTY BAR ASSOCIATION v. CUNNINGHAM.

[Cite as *Butler Cty. Bar Assn. v. Cunningham,*
118 Ohio St.3d 188, 2008-Ohio-1979.]

(No. 2008–0103—Submitted February 27, 2008—Decided May 1, 2008.)

———————

**Per Curiam.**

{¶ 1} Respondent, Lyn Alan Cunningham of Hamilton, Ohio, Attorney Registration No. 0041970, was admitted to the practice of law in Ohio in 1989. The Board of Commissioners on Grievances and Discipline recommends that we

publicly reprimand respondent based on the finding that he violated DR 7–105, which prohibits a lawyer from threatening to pursue criminal charges solely to obtain an advantage in a civil action. On review, we adopt the finding that respondent violated the Code of Professional Responsibility and agree that a public reprimand is appropriate.

{¶ 2} Relator, Butler County Bar Association, charged the cited misconduct in a five-count complaint, later withdrawing all but the fifth count. A panel of the board heard the case, including the parties' stipulations, found respondent in violation of DR 7–105, and recommended the public reprimand. The board adopted the findings of misconduct and recommendation.

## Misconduct

{¶ 3} In October 2004, respondent agreed to represent a client in postdecree domestic-relations proceedings stemming from her 2001 divorce. Shortly after respondent agreed to the representation, allegations arose suggesting that the client's ex-husband might not have reported to the court assets subject to division as marital property, including funds that might have been obtained illegally. Respondent cited these allegations in a January 2005 letter to the ex-husband, hoping to induce payment of child support, spousal support, health insurance, and education expenses on terms favorable to his client.

{¶ 4} The ex-husband submitted a grievance to relator, alleging that respondent had attempted to exert improper influence to gain an advantage for his client. In reply, respondent denied having explicitly or implicitly threatened the ex-husband with criminal prosecution, explaining that he had intended instead to quickly and quietly resolve the couple's financial differences without jeopardizing the ex-husband's employment. The domestic-relations court later granted respondent's motion to vacate his client's divorce decree, finding that the ex-husband had defrauded the court.

{¶ 5} Respondent's letter presented a list of demands and promised that his client would "forgo further proceedings" if the ex-husband agreed to them. The letter also promised that respondent's client would "proceed no further with her investigation" if the ex-husband took "advantage of this offer." We find that his letter constituted a violation of DR 7–105.

## Sanction

{¶ 6} In determining the appropriate sanction to impose for attorney misconduct, "we consider the duties violated, the actual or potential injury caused, the attorney's mental state, the existence of aggravating or mitigating circumstances, and sanctions imposed in similar cases." *Stark Cty. Bar Assn. v. Ake,* 111 Ohio St.3d 266, 2006-Ohio-5704, 855 N.E.2d 1206, ¶ 44. We weigh the aggravating and mitigating factors to decide whether circumstances warrant a more lenient or

harsher disposition.  See Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").  Because each disciplinary case involves unique facts and circumstances, we are not limited to the factors specified in the rule and may take into account "all relevant factors" in determining which sanction to impose.  BCGD Proc.Reg. 10(B).

{¶ 7} Respondent concedes without disputing intent that he violated his duty under DR 7–105.  As to harm, his letter has created legal problems for his client's ex-husband.  As the panel and board found, however, the harm resulted more from the ex-husband's wrongdoing than from respondent's promise to pursue legal proceedings.

{¶ 8} In *Cuyahoga Cty. Bar Assn. v. Wise*, 108 Ohio St.3d 164, 2006-Ohio-550, 842 N.E.2d 35, we suspended a lawyer's license for one year, staying the last six months on condition of no further misconduct, in part because he threatened criminal prosecution to obtain an advantage in a custody dispute, in violation of DR 7–105.  That misconduct took on even more troubling proportions, however, because the lawyer had also improperly suggested that he could influence a public official and had pursued legal action merely to harass or maliciously injure another party, in violation of DR 7–102(A)(1) and 9–101(C).  Because respondent committed only a single infraction, a lesser sanction is appropriate.  See *Cincinnati Bar Assn. v. Cohen* (1999), 86 Ohio St.3d 100, 712 N.E.2d 118 (public reprimand issued for a single violation of DR 7–105).

{¶ 9} The parties stipulated to mitigating factors that weigh in favor of the proposed public reprimand.  Respondent has no prior disciplinary record, did not act out of dishonesty or selfishness, and cooperated in the disciplinary proceedings.  BCGD Proc.Reg. 10(B)(2)(a), (b), and (d).  He also has a reputation for candor, truthfulness, fairness, and professionalism with the bench and bar of Butler County and is further credited with being an "effective, diligent, and prepared advocate."  The panel and board found no aggravating factors.

{¶ 10} We accept the recommended sanction.  Respondent is hereby publicly reprimanded for violating DR 7–105(A).  Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Brewer & Cooney and Patricia J. Downing;  and Buckley, King & Bluso Co., L.P.A., and Stephen J. Brewer, for relator.

Richard C. Alkire Co., L.P.A., and Richard C. Alkire, for respondent.